## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| DANIEL L. POHLE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 4:23-cv-00116-TWP-KMB |
| JOSEPH R. BIDEN, UNITED STATES SUPREME COURT, INDIANA SUPREME COURT, UNITED NATIONS COMMISSION ON INTERNATIONAL TRADE LAW, | ) ) ) ) ) ) |
| Defendants. | ) |

### ORDER GRANTING MOTIONS TO DISMISS, DENYING MOION FOR HEARING AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on several pending motions. *Pro se* Plaintiff Daniel L. Pohle ("Mr. Pohle") initiated this action in Jennings Superior Court on June 20, 2023, under Cause Number 40D01-2306-MI-000036 (Dkt. 1-2).  On July 13, 2023, Defendants United States Supreme Court and Joseph R. Biden removed the case to this Court under the provisions of 28 U.S.C. § 1442(a) and 1446 (Dkt. 1).  On July 20, 2023, Defendant Indiana Supreme Court filed a Motion to Dismiss for failure to state a claim. (Dkt. 8.) On August 11, 2023, Defendants Joseph R. Biden and United States Supreme Court filed their Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (Dkt. 11.)  Mr. Pohle did not respond to either Motion, rather, on August 23, 2023, he filed a Motion for Hearing on All Outstanding Motions. (Dkt. 13.)  All pending motions are now ripe for ruling.  This Order **denies** Mr. Pohle's request for hearing and **grants** the motions to dismisses this action with prejudice.

## I. LEGAL STANDARD

To survive a motion to dismiss:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Jurisdiction, by contrast, implicates the court's authority to entertain the case at all. A complaint that is frivolous or wholly insubstantial does not invoke the district court's subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *In re African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006). "A frivolous suit does not engage the jurisdiction of the federal courts." *McCurdy v. Sheriff of Madison County*, 128 F.3d 1144, 1145 (7th Cir. 1997).

## II. COMPLAINT

Mr. Pohle's Complaint, entitled "Fraudulent Civil Conspiracy," is essentially incomprehensible. He seeks damages in the amount of "One Billion and One U.S. [] Dollars" ($1,000,000,001) for alleged financial harm because of the Defendants' "'Deliberate Indifference' to the United Nations Convention on Contracts for the International Sale of Goods (CISG)." (Dkt. 1-2 at 1.) Mr. Pohle further appears to claim that the U.S. Supreme Court harmed him by refusing to hear a previous appeal, the Indiana Supreme Court also harmed him through a court ruling, and the United Nations somehow harmed him by listing the United States as a contracting party to the CISG. *Id.* Mr. Pohle alleges no facts of any kind.

### III. DISCUSSION

Defendants' Motions to Dismiss both set forth Mr. Pohle's frivolous litigation history and characterize this lawsuit as another attempt to collaterally attack a state court judgment entered against him in 2016.  (Dkts. 9 and 16.)  The Defendants make several contentions in support of dismissal, including failure to comply with Federal Rule of Civil Procedure 8, *res judicata*, expiration of the statute of limitations, and various immunities enjoyed by the Defendants. The Court need not wade into these arguments, however, because Mr. Pohle's Complaint does not even contain enough detail to suggest a claim of any kind against any defendant. It is entirely devoid of facts and Mr. Pohle's bare assertions that he was harmed do not rise to the level of suggesting that something has happened to him that might be redressed by the law.[1]  *Swanson*, 614 F.3d at 403. The Complaint, therefore, fails to state a claim on which relief can be granted and must be dismissed in its entirety.

Ordinarily, the Court would give a plaintiff an opportunity to show cause why this action should not be dismissed or to amend his Complaint. *See Frey v. E.P.A.*, 270 F.3d 1129, 1132 (7th Cir. 2001).  However, such an opportunity is not necessary where the amendment would be "futile or otherwise unwarranted."  *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004).  As discussed below, Mr. Pohle's litigation history suggests that he has no interest in advancing legitimate claims, based on his history of frivolous litigation.  Amendment thus would be futile and leave to do so would be entirely unwarranted. Therefore, this dismissal shall be with prejudice.

---

[1] If Mr. Pohle had alleged facts the Court could understand to challenge a previous state court judgment, dismissal might be proper under the *Rooker-Feldman* doctrine because this Court would lack jurisdiction. *See Pohle v. Pence*, No. 21-3351 (7th Cir. July 25, 2022). He has not done so. And the Complaint, while perhaps incoherent, does not allege facts that are outlandish, nonsensical, or frivolous — it alleges no facts at all. Dismissal for failure to state a claim is therefore proper. Regardless of the reason for dismissal, the Court finds that remand would be futile. *See Id.*

3

### IV.  PLAINTIFF'S FRIVOLOUS LITIGATION

As Defendants point out, Mr. Pohle has a long history of frivolous litigation. He brings his actions in state court, but his federal defendants often remove the cases to this Court.  To date, there have been five such removed cases (including this one):  *Pohle et al. v. Mitchell et al.*, 4:17-cv-00078-TWP-DML (dismissed March 21, 2018); *Pohle v. Roberts, et al.*, 4:19-cv-00264-SEB-DML (dismissed May 13, 2020); *Pohle v. Pence*, 4:20-cv-00139-SEB-DML (dismissed Feb. 22, 2021); *Pohle v. United States Supreme Court, et al.*, 4:23-cv-00138-TWP-KMB (removed Aug. 17, 2023). This Court has warned Mr. Pohle at least twice that frivolous filings in this Court may result in sanctions. *See Pohle v. Roberts, et al.*, 4:19-cv-00264-SEB-DML (Nov. 19, 2020); *Pohle v. Pence*, 4:20-cv-00139-SEB-DML (Dec. 8, 2021).  And the Seventh Circuit has found his filings "nonsensical and frivolous." *See Pohle v. Pence*, No. 21-3351 (7th Cir. July 25, 2022). No sanction is issued today, but Mr. Pohle is again warned that Continuing this course of conduct may subject him to sanctions, including a restriction on his ability to file papers in this Court.  Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases).  *See also O'Quinn v. Gaetz*, No. 3:13-CV-1342-JPG-PMF, 2014 WL 6455993, at *1 (S.D. Ill. Sept. 24, 2014) ("When a litigant wastes judicial resources and burdens the Clerk's office with motions and pleadings that are often denied or dismissed, the Court has authority to impose appropriate restrictions on additional litigation.").

### V.  CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendants' Motions to Dismiss Dkt. [8] and Dkt. [11] and **DISMISSES** this case, in its entirety and as to all Defendants, **with prejudice**. Plaintiff's Motion On (sic) for a Hearing On: All Outstanding Motions, Dkt. [13] is **DENIED as moot**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 11/8/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daniel L. Pohle
1280 N CR 500 E
Butlerville, Indiana  47223

Gina M. shields
UNITED STATES ATTORNEY'S OFFICE
gina.shields@usdoj.gov

Katherine A. Meltzer
OFFICE OF THE INDIANA ATTORNEY GENERAL
katherine.meltzer@atg.in.gov

Breanne Chambers
OFFICE OF THE INDIANA ATTORNEY GENERAL
breanne.chambers@atg.in.gov